**SUMMONS ISSUED**

**CV 13 0632**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 01 2013 ★

LONG ISLAND OFFICE

YANKY BOCHNER AND FRAIDA BOCHNER
on behalf of themselves and
all other similarly situated consumers

                        Plaintiffs,

-against-

BRUCE PERLMUTTER

                        Defendant.

**BRODIE, J.**

**MANN, M.**

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiffs Yanky Bochner and Fraida Bochner seek redress for the illegal practices of Bruce Perlmutter, Esq., in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

2. Plaintiffs are citizens of the State of New York who reside within this District.

3. Plaintiffs are consumers as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiffs involves a consumer debt purportedly owed to Cutler's Cottages.

5. Upon information and belief, Defendant's principal place of business is located within Woodridge, New York.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Yanky Bochner and Fraida Bochner*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiffs.

11. On or about June 14, 2012 Defendant sent the Plaintiffs a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12. Upon information and belief, the June 14, 2012 letter was the initial communication from the Defendant to the Plaintiffs, concerning the aforementioned alleged past due debt which he demanded.

13. The said letter states in pertinent: "This is to advise you that if within seven (7) days of this letter satisfactory arrangements are not made with the undersigned to pay this

account we have been instructed to and will institute the appropriate proceedings to protect the interests of our client..."

14. The June 14, 2012 letter is completely devoid of the litany of warnings and notices required by 15 U.S.C. § 1692g and § 1692e(11). See. Dowling v. Kucker Kraus & Bruh, L.L.P., 2005 WL 1337442 (S.D.N.Y. June 6, 2005). (Debt collectors could not evade the notice requirements of the FDCPA merely by having a creditor sign a demand for rent that the collector prepared and mailed.)

15. The June 14, 2012 letter fails to, inter alia, adequately advise the Plaintiffs of their rights, because the thirty (30) day validation notice required by 15 U.S.C. § 1692(g) was not placed anywhere in the demand for payment of the alleged debt.

16. The language in the aforementioned letter violates 15 U.S.C. § 1692(g), because it contradicts the requirement that the Plaintiffs be advised of and given a thirty (30) day period in which to dispute the bill.

17. That the Defendant otherwise failed to give Plaintiffs notice of their rights as mandated by 15 U.S.C. § 1692g and § 1692e(11) within five (5) days of Defendant's initial communication to the Plaintiffs.

18. Upon information and belief, the aforementioned letter is deceptive and/or inherently contradictory, in violation of 15 U.S.C. § 1692(e)(10).

19. Upon information and belief, the aforementioned letter falsely represents the character, amount and/or legal status of the alleged debt, in violation of 15 U.S.C. § 1692(e)(2)(A).

20. The Defendant failed to otherwise advise the Plaintiffs of their rights pursuant to 15 U.S.C. § 1692g within five (5) days of said initial communication.

21. Had the Plaintiffs been given notice of their rights pursuant to 15 U.S.C. § 1692g, they would have promptly made such dispute, requested verification, settled and/or made payment of said amount demanded.

22. That the Defendant, in attempting to collect from the Plaintiffs the aforementioned alleged past due debt, employing, inter alia, the acts and/or omissions described above, violated:

   a) 15 U.S.C. § 1692e generally, and specifically, §§ 1692e(2)(A), 1692e(9), 1692e(10), 1692e(11), and/or 1692e(14) by Defendant's June 14, 2012 initial communication, as described above;

   b) 15 U.S.C. § 1692f generally, and specifically 1692g(a), by failing to advise the Plaintiffs of any of their rights as required by § 1692g in Defendant's initial communication or within five (5) days of said initial communication to the Plaintiffs in connection with the collection of the aforementioned alleged debt; and

23. That because of the foregoing, the Plaintiffs have suffered actual and statutory damages in an amount to be determined at trial.

24. Upon information and belief, other persons hold the same or similar claims against the Defendant, for the Defendant's failure to notify them of their rights as mandated by 15 U.S.C. § 1692g, within five (5) days after the initial communications substantially similar to those received by the Plaintiffs from the Defendant in the collection or attempted collection of rent, and/or other consumer debts within the State of New York.

25. Upon information and belief, the Defendant sent the Plaintiffs the collection notice, using a process server who engaged in sewer service.

26. Defendant violated 15 U.S.C. § 1692e for using a process server who engages in sewer service.

27. Upon information and belief, on a date better known to the Defendant, the Defendant contacted the Plaintiffs via telephone.

28. During the said telephone conversation, the Plaintiffs disputed the alleged debt.

29. The Defendant failed to communicate to the court that the disputed debt had been disputed by the Plaintiffs.

30. Defendant violated 15 U.S.C. § 1692e(8) for the failure to communicate that a disputed debt was disputed.

31. The Defendant further violated the FDCPA by commencing legal action against the Plaintiffs in a judicial district other than where the Plaintiffs signed the contract sued upon.

32. The only agreement that Plaintiffs ever signed with the creditor, Cutler's Cottages, was signed in Brooklyn.

33. The fact that the Defendant mailed the collection letter to Plaintiffs' Brooklyn address indicates that the Defendant was aware that the Plaintiffs reside in that district.

34. Said legal action in a judicial district other than where the Plaintiffs resided at the time that the said legal action was commenced was in violation of 15 U.S.C. § 1692i(2)(A) and (B).

## AS AND FOR A FIRST CAUSE OF ACTION

### *Violations of the Fair Debt Collection Practices Act brought by Plaintiffs on behalf of themselves and the members of a class, as against the Defendant.*

35. Plaintiffs re-state, re-allege, and incorporate herein by reference, paragraphs one (1) through thirty four (34) as if set forth fully in this cause of action.

36. This cause of action is brought on behalf of Plaintiffs and the members of three classes.

37. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent collection letters, (a) bearing the Defendant's letterhead in substantially the same form as the letters sent to the Plaintiffs on or about June 14, 2012; (b) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Cutler's Cottages; and (c) the collection letter was not returned by the postal service as undelivered, and (d) the Plaintiffs assert that the letter contained violations of 15 U.S.C. §§ 1692e, 1692g(a), 1692e(2)(A), 1692e(9), 1692e(10), 1692e(11), 1692e(14), 1692f, and 1692g(b) for Defendant's failure to provide the mandatory disclosure requirements of the FDCPA, and for using a process server who engages in sewer service.

38. Class B consists of all persons whom Defendant's records reflect resided in the New York State and who received a telephone message (a) from one of Defendant's collection representatives; during which call the Plaintiff disputed the alleged debt; and (b) the Defendant failed to communicate to the court that the disputed debt had been disputed by the Plaintiffs, in violation of 15 U.S.C. § 1692e(8).

39. Class C consists of all persons whom Defendant's records reflect resided in the State of New York and who received collection letters from defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Cutler's Cottages; and (c) the collection letter was not returned by the postal service as undelivered, and (d) the Plaintiffs assert that the Defendant violated 15 U.S.C. §§ 1692i(2)(A) and (B) for commencing legal action against Plaintiffs in a judicial district other than where the Plaintiffs signed the contract sued upon.

40. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (a)  Based on the fact that form collection letters and telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (b)  There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (c)  The only individual issue involves the identification of the consumers who received such collection letters and telephonic messages (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d)     The claims of the Plaintiffs are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e)     The Plaintiffs will fairly and adequately represent the class members' interests. The Plaintiffs have retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff interests are consistent with those of the members of the class.

41. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

42. If the facts are discovered to be appropriate, the Plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

43. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

44. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

45. The Defendant's violation of the Fair Debt Collection Practices Act, entitles the Plaintiffs and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE**, Plaintiffs, respectfully request that this Court enter judgment in their favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
January 28, 2013

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiffs**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiffs request trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

*Bruce Perlmutter*
– ATTORNEY AT LAW –

51 BROADWAY
POST OFFICE BOX 425
WOODRIDGE, NY 12789

845-436-4109
FAX: 845-436-9398
EMAIL: bperlmutter@pronetisp.net

June 14, 2012

Yanky Bochner and
Fraida Bochner
1342 - 51st Street
Brooklyn, NY 11219-0000

    **Re:**   **Cutler's Cottages**

Dear Mr. & Mrs. Bochner:

Cutler's Cottages has referred your delinquent account in the amount of $2,000.00 to our office.

This is to advise you that if within seven (7) days of this letter satisfactory arrangements are not made with the undersigned to pay this account we have been instructed to and will institute the appropriate proceedings to protect the interests of our client.

If we are requested to enforce collection, there will be additional court costs and disbursements which you will incur in addition to attorney's fees. In addition, interest will continue to accrue during the time your account remains outstanding.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. ALL INFORMATION RECEIVED BY THE UNDERSIGNED REGARDING THE MATTERS SET FORTH HEREIN WILL BE UTILIZED FOR THE PURPOSE OF COLLECTING A DEBT FROM YOU.

                      Very truly yours,

                      BRUCE PERLMUTTER

BP/sls

cc: Cutler's Cottages